﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 201231-127101
DATE: March 31, 2021

REMANDED

Entitlement to service connection for bladder cancer with residuals of surgical ileal neobladder is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1967 to June 1970, with verified service in Republic of Vietnam.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from the February 2020 Appeals Modernization Act (AMA) rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). This rating decision found that new and relevant evidence had been received to readjudicate the claim of service connection for bladder cancer with residuals of surgical ileal neobladder. This is a favorable finding by the agency of original jurisdiction (AOJ), and the Board has recharacterized the claim as a result. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

In the December 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to service connection for bladder cancer with residuals of surgical ileal neobladder is remanded.

The Veteran seeks service connection for bladder cancer on the theory that it was as a result of in-service exposure to herbicide agents. His DD Form 214 reflects service in the Republic of Vietnam.

The Veteran’s exposure to herbicide agents in service and past history of bladder cancer is undisputed. The question remaining is whether there is a causal nexus between his herbicide agent exposure and his bladder cancer, as this condition is not on the list of conditions presumptive to in-service exposure to herbicide agents.

In May 2019, the Veteran submitted a letter from Dr. G., his treating uro-oncologist, in support of his claim. Dr. G. stated that “based on our clinical experience and published literature, that bladder cancer can develop as a result of exposure to carcinogens,” and that as an expert and based on his experience, many patients with a history of carcinogen exposure, such as exposure to Agent Orange, are subsequently diagnosed with this cancer. As such, it was at least as likely as not that this exposure has caused him to develop bladder cancer. 

While Dr. G.’s statement suggests a relationship between the Veteran’s bladder cancer and the presumed exposure to herbicide agents, the opinion is not sufficient to support service connection, as it was not supported by any rationale, to include a discussion of the Veteran’s specific condition, medical history, presence or absence of other risk factors for the development of bladder cancer, and/or the specific medical principles and literature Dr. G. may have relied upon to form a positive nexus opinion. As the Board is remanding this matter to correct a pre-decisional duty-to-assist error for the reason stated below, the Veteran is invited to submit additional argument or file a Supplemental Claim and submit additional evidence not previously considered. Specific instructions for filing a Supplemental Claim are included with this decision.

At this time, the Board is unable to make a fully informed decision. The January 2020 VA medical opinion is inadequate to satisfy VA’s duty to assist due to the examiner’s reliance on the absence of the bladder cancer condition from the list of enumerated conditions VA has presumptively associated with herbicide agents exposure. Accordingly, an addendum medical opinion is required.

The matter is REMANDED for the following action:

Obtain an addendum opinion regarding the nature and etiology of the Veteran’s bladder cancer. A copy of the Remand, and the claims file, must be reviewed by the examiner before providing the following opinions.

The examiner should opine whether it is at least as likely as not that the Veteran’s bladder cancer is related to in-service exposure to herbicide agents?

The examiner is advised that a negative opinion cannot be based solely on the fact that bladder cancer is not on the list of diseases that are presumptively associated with exposure to herbicide agents. A fully-explained rationale for the opinion is required. In providing the requested opinion and rationale, the examiner is to consider and discuss the May 2019 Dr. G. medical opinion indicating a likelihood of association.

 

 

Stephanie M. Owen

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Tang, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.